**[Cite as *State v. Mead*, 2023-Ohio-3124.]**

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF ASHTABULA | **CASE NO. 2023-A-0004** |
| Plaintiff-Appellee, | Criminal Appeal from the<br>Ashtabula Municipal Court |
| - vs - | |
| REBEL CHANCE MEAD, | Trial Court No. 2021 CRB 01007 |
| Defendant-Appellant. | |

### O P I N I O N

Decided: September 5, 2023
Judgment: Affirmed

*Cecilia M. Cooper*, Ashtabula City Solicitor, 110 West 44th Street, Ashtabula, OH 44004 (For Plaintiff-Appellee).

*Rebel Chance Mead*, pro se, 605 Pine Avenue, SE, Warren, OH 44483 (Defendant-Appellant).


ROBERT J. PATTON, J.

{¶1}    Appellant, Rebel Chance Mead ("Mr. Mead"), appeals from the judgment of the Ashtabula Municipal Court convicting him, after a bench trial, of obstruction of official business. We affirm.

{¶2}    Mr. Mead timely appeals and raises one assignment of error, contending that the trial court committed reversible error when it convicted him, and that the act that induced the conviction was protected speech under the First Amendment to the United States Constitution.

{¶3} The following facts have been derived from the briefs, summons, and notice of appeal as no transcript was filed. On July 30, 2021, Mr. Mead was issued a summons to appear in the Ashtabula Municipal Court by Lt. Rodney Blaney of the Ashtabula Police Department. Lt. Blaney had observed a semi-truck hauling heavy equipment driving down a residential street in the City of Ashtabula. Lt. Blaney stopped the truck. Before exiting the car to conduct a traffic investigation, Mr. Mead drove down the street and pulled beside Lt. Blaney's vehicle. The truck was driven by someone Mr. Mead hired to transport equipment. Mr. Mead wanted Lt. Blaney to allow the truck to pull through. Lt. Blaney asked Mr. Mead to move his vehicle. During this time, Ashtabula Police Officer, Sherri Allen, arrived. Soon after, Mr. Mead moved and parked his vehicle on a sidewalk next to a nearby parking lot. Lt. Blaney began writing a citation and a summons. Mr. Mead then moved himself to the nearby parking lot and began shouting statements at the officers such as "'I pay your salary,' and 'you are ineffective and do not do anything.'"

{¶4} On August 3, 2021, Mr. Mead was charged with one count of Obstructing Official Business in violation of R.C. 2921.31, a misdemeanor of the second-degree and Sidewalk Parking in violation of C.O. 351.03 in the Ashtabula Municipal Court. Mr. Mead pled not guilty to both, and this matter was tried before Judge Laura DiGiacomo on January 13, 2023. The Court found Mr. Mead guilty for both violations. Mr. Mead was sentenced to serve 60 days in jail, 30 of which were suspended. Mr. Mead was ordered to serve three of the remaining 30 days immediately, and the last 27 days would be suspended upon completion of 80 hours of community service while wearing a t-shirt that says "I disrespect police" within six months. In addition, he was fined $750.00 and ordered to pay court costs.

{¶5}   Mr. Mead raises one assignment of error for our review:

{¶6}   "The trial court erred in rejecting Appellant's argument that the charges in question should be dismissed as violating Appellant's First Amendment Protections."

{¶7}   Mr. Mead was convicted of Obstructing Official Business in violation of R.C. 2921.31 which provides:

> No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

Mr. Mead argues that his conviction was based on the statements he made to police officers with no underlying act constituting obstruction of official business. The State argues that Mr. Mead's vehicle blocked Lt. Blaney from exiting his vehicle and conducting his investigation.

{¶8}   Appellant's argument is predicated on his version of purported testimony in support of his contention that the manifest weight of the evidence did not support a conviction. Our review is limited because appellant failed to file a transcript of the proceedings with the record. "The appellant shall order the transcript in writing and shall file a copy of the transcript order with the clerk of the trial court" pursuant to App.R. 9(B)(3). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Without a transcript to review in support of appellant's arguments, we must presume the validity of the lower court's proceedings and affirm.

3

Case No. 2023-A-0004

{¶9} For the foregoing reason, the judgment of the Ashtabula Municipal Court is affirmed.

JOHN J. EKLUND, P.J.,

EUGENE A. LUCCI, J.,

concur.

4